IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTONIO PROPHET,

          Petitioner,

v.                        //    CIVIL ACTION NO. 1:16CV178
                                   (Judge Keeley)

DAVID BALLARD, Warden,

          Respondent.

## MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART REPORT AND RECOMMENDATION [DKT. NO. 68], DENYING AS MOOT RESPONDENT'S MOTION TO DISMISS [DKT. NO. 53] AND REMANDING THE CASE

Pending for review is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by the pro se petitioner, Antonio Prophet ("Prophet")(Dkt. No. 13), together with a motion to dismiss filed by the respondent, David Ballard ("Ballard") (Dkt. No. 53). Also pending is the Report and Recommendation ("R&R") of the Honorable Michael J. Aloi, United States Magistrate Judge, recommending that the Court grant Ballard's motion and dismiss Prophet's petition with prejudice (Dkt. No. 68). The question presented in Ballard's motion is whether Prophet has exhausted certain claims in his petition, and, if he has not, whether the Court should dismiss the petition.[1]

_____

[1] From a careful review of the record, the Court understands that Ballard's motion contests the exhaustion of some, but not all, of Prophet's claims. Although the R&R thoroughly discussed the exhaustion of other claims in the Petition, Ballard did not seek to dismiss those claims. Thus, in the Court's view, the claims subject to review here are only those that the parties have disputed as exhausted. The Court therefore declines to adopt those portions of

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART REPORT AND
RECOMMENDATION [DKT. NO. 68], DENYING AS MOOT RESPONDENT'S
MOTION TO DISMISS [DKT. NO. 53] AND REMANDING THE CASE**

For the reasons that follow, the Court **ADOPTS in PART** the R&R
(Dkt. No. 68), **DENIES AS MOOT** the respondent's motion to dismiss
the petition (Dkt. No. 53), and **REMANDS** the case to the United
States Magistrate Judge for further proceedings consistent with
this opinion (Dkt. No. 43).

<u>**I. BACKGROUND**</u>

**A.    Criminal Trial and Direct Appeal**

On July 20, 2012, a jury in the Circuit Court of Berkeley
County, West Virginia ("Circuit Court") convicted Prophet of two
counts of first-degree murder and one count of first-degree arson
(Dkt. Nos. 52-15 at 14; 52-10). On September 10, 2012, the Circuit
Court denied Prophet's post-trial motions and sentenced him to
consecutive terms of life without the possibility of parole for
each murder conviction, and twenty (20) years of imprisonment for
the arson conviction (Dkt. No. 52-12). Prophet timely appealed his
convictions to the Supreme Court of Appeals of West Virginia
("Supreme Court of Appeals") (Dkt. No. 52-14), alleging seven (7)

---

the R&R concluding that claims not raised in Ballard's motion to
dismiss are unexhausted. Remand to the magistrate judge is
necessary to allow for a full airing of the merits of those claims
by the parties, who have not yet briefed them. Those claims include
the following grounds: 3-9, 10(1)-10(13), 10(15)-10(16), 11, 12(1)-
12(3), and 13.

assignments of error: 1) insufficient evidence; 2) the prosecutor's use on cross-examination of Prophet's self-authored novel; 3) the prosecutor's comments on Prophet's post-arrest silence; 4) the Circuit Court's rejection of Prophet's preferred jury instruction; 5) the State's presentation of allegedly perjured testimony; 6) prosecutorial misconduct; and 7) judicial misconduct. On June 5, 2014, the Supreme Court of Appeals affirmed Prophet's convictions, finding all his claims to be without merit (Dkt. No. 52-15). The court's mandate issued on September 2, 2014. <u>Id.</u>

## B.    Post-Conviction Proceedings

### 1. State Habeas Corpus

Prophet filed a <u>pro se</u> petition seeking habeas corpus relief on February 2, 2015 (Dkt. No. 52-16). The Circuit Court appointed counsel, who filed an amended petition, asserting thirteen (13) grounds for relief. These included, among others, nine (9) sub-grounds of prosecutorial misconduct, nine (9) sub-grounds of judicial misconduct, eight (8) sub-grounds of ineffective assistance of trial counsel, and two (2) sub-grounds of ineffective assistance of appellate counsel (Dkt. No. 52-18).

By written order entered on June 24, 2015, the Circuit Court dismissed twenty-two (22) of the grounds or sub-grounds raised in

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART REPORT AND
RECOMMENDATION [DKT. NO. 68], DENYING AS MOOT RESPONDENT'S
MOTION TO DISMISS [DKT. NO. 53] AND REMANDING THE CASE**

Prophet's amended petition and directed the respondent to answer
the remaining claims of ineffective assistance of counsel (Dkt. No.
52-19). Subsequently, the Circuit Court denied habeas relief on
those claims, finding that neither Prophet's trial counsel nor his
appellate counsel had been ineffective (Dkt. No. 52-21). Prophet
timely appealed the Circuit Court's denial of habeas relief (Dkt.
No. 52-22).

On appeal, Prophet alleged eleven (11) assignments of error,
including seventeen (17) sub-grounds of ineffective assistance of
trial counsel and five (5) sub-grounds of ineffective assistance of
appellate counsel (Dkt. No. 52-23). Finding no substantial question
of law and no prejudicial error, the Supreme Court of Appeals
affirmed the Circuit Court's denial of habeas relief by memorandum
decision dated June 21, 2016 (Dkt. No. 52-24). The court's mandate
issued on July 22, 2016. Id.

**2.    § 2254 Petition**

Prophet filed his § 2254 petition in this Court on August 24,
2016, asserting various grounds for habeas relief (Dkt. No. 1).
Pursuant to 28 U.S.C. § 636 and LR PL P 2, the Court referred the
Petition to the Honorable Michael J. Aloi, United States Magistrate
Judge, for initial review. Thereafter, on August 29, 2016, the

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART REPORT AND RECOMMENDATION [DKT. NO. 68], DENYING AS MOOT RESPONDENT'S MOTION TO DISMISS [DKT. NO. 53] AND REMANDING THE CASE**

magistrate judge struck the filing of the petition for failure to comply with the local rules (Dkt. No. 10). Prophet then re-filed his petition on September 2, 2016 ("Petition") (Dkt. No. 13).

The Petition raises thirteen (13) claims for habeas relief, including various sub-grounds of ineffective assistance of trial and appellate counsel. Id. On August 16, 2017, Ballard filed a motion to dismiss the Petition, arguing that Prophet had not exhausted all of his claims in state court before filing his Petition (Dkt. No. 53). Specifically, Ballad argued that Prophet had raised four (4) claims of ineffective assistance of trial counsel and three (3) claims of ineffective assistance of appellate counsel that were not considered in his state post-conviction proceedings (Dkt. No. 55). In response, Prophet abandoned four of the seven disputed claims, and requested that, in the event the Court deemed the other three claims at issue to be unexhausted, he be allowed to abandon those claims as well, and proceed on his remaining claims (Dkt. No. 61).

In a Report and Recommendation ("R&R") entered on February 6, 2018, Magistrate Judge Aloi recommended that the Court grant Ballard's motion to dismiss and deny and dismiss the Petition with prejudice (Dkt. No. 68). The R&R concluded that Prophet's claims

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART REPORT AND RECOMMENDATION [DKT. NO. 68], DENYING AS MOOT RESPONDENT'S MOTION TO DISMISS [DKT. NO. 53] AND REMANDING THE CASE**

regarding prejudicial pre-trial and trial publicity, and the Circuit Court's refusal to strike two jurors for cause (Grounds One and Two), were procedurally barred by his failure to raise the claims on direct review. <u>Id.</u> at 59. It further concluded that Prophet had failed to exhaust his state remedies regarding any of the remaining claims challenged in the motion to dismiss. <u>Id.</u> at 90.

The magistrate judge informed Prophet of his right to file "written objections identifying those portions of the recommendation to which objection is made and the basis for such objections." <u>Id.</u> at 94. It further warned that the failure to do so may result in waiver of his right to appeal. <u>Id.</u> Prophet timely filed his objections to the R&R on February 20, 2018 (Dkt. No. 71).

## II. STANDARDS OF REVIEW

### A.   <u>Pro Se</u> Pleadings

The Court must liberally construe <u>pro se</u> pleadings. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Loe v. Armistead</u>, 582 F.2d 1291, 1295 (4th Cir. 1978). A court may not, however, construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART REPORT AND
RECOMMENDATION [DKT. NO. 68], DENYING AS MOOT RESPONDENT'S
MOTION TO DISMISS [DKT. NO. 53] AND REMANDING THE CASE**

## B.   Report and Recommendation

When reviewing a magistrate judge's R&R, the Court must review
de novo only the portions to which an objection is timely made. 28
U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt,
without explanation, any of the magistrate judge's recommendations
to which the prisoner does not object." Dellacirprete v. Gutierrez,
479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v.
Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those
portions of a recommendation to which no objection has been made
unless they are "clearly erroneous." See Diamond v. Colonial Life
& Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Because
Prophet objected to the conclusions and recommendations in the R&R,
the Court will review his objctions de novo.

## III. APPLICABLE LAW

Title 28 U.S.C. § 2254 permits a state prisoner to file an
application for a writ of habeas corpus to challenge his conviction
"only on the ground that he is in custody in violation of the
Constitution or laws or treaties of the United States." 28 U.S.C.
§ 2254(a). "[R]eview under § 2254(d)(1) is limited to the record
that was before the state court that adjudicated the claim on the
merits." Cullen v. Pinholster, 563 U.S. 170, 181 (2011). A court

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART REPORT AND RECOMMENDATION [DKT. NO. 68], DENYING AS MOOT RESPONDENT'S MOTION TO DISMISS [DKT. NO. 53] AND REMANDING THE CASE**

may not grant a writ under § 2254 regarding a claim "adjudicated on the merits in State court" unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding.

Id. § 2254(d).

A "state-court decision is contrary to" the Supreme Court's "precedent if the state court arrives at a conclusion opposite to that reached" by the Supreme Court "on a matter of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision "involves an unreasonable application" of such law if it "identifies the correct governing legal principle . . . but unreasonably applies" it to the facts. Id. at 412. Importantly, "unreasonable application" requires that the Court do more than "conclude[] in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." Id. at 411. Therefore, § 2254 acts to guard only against "extreme malfunctions," such as "cases where there is no

8

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART REPORT AND
RECOMMENDATION [DKT. NO. 68], DENYING AS MOOT RESPONDENT'S
MOTION TO DISMISS [DKT. NO. 53] AND REMANDING THE CASE**

possibility fair minded jurists could disagree that the state

court's decision conflicts with" Supreme Court precedent.

Harrington v. Richter, 562 U.S. 86, 102 (2011).

Indeed, "principles of comity and respect for state court

judgment preclude federal courts from granting habeas relief to

state prisoners for constitutional errors committed in state court

absent a showing that the error 'had a substantial and injurious

effect or influence in determining the jury's verdict.'" Richmond

v. Polk, 375 F.3d 309, 335 (4th Cir. 2004) (quoting Brecht v.

Abrahamson, 507 U.S. 619, 623 (1993)). Factual determinations by

the state court are presumed correct, unless the petitioner proves

otherwise by clear and convincing evidence. 28 U.S.C. § 2254(e)(1);

see also Sharpe v. Bell, 593 F.3d 372, 379 (4th Cir. 2010).

Of importance here, district courts may only entertain a writ

under § 2254 if the applicant has exhausted all available state

remedies. Id. § 2254(b)(1)(A). Prisoners have not exhausted their

state remedies if they have "the right under the law of the State

to raise, by any available procedure, the question presented." Id.

§ 2254(c). It is the prisoner's burden to demonstrate that he has

exhausted his state judicial remedies. Beard v. Pruett, 134 F.3d

615, 619 (4th Cir. 1998). The exhaustion rule in § 2254(b), (c)

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART REPORT AND RECOMMENDATION [DKT. NO. 68], DENYING AS MOOT RESPONDENT'S MOTION TO DISMISS [DKT. NO. 53] AND REMANDING THE CASE**

requires district courts to dismiss so-called "mixed petitions" containing any unexhausted claims. Rose v. Lundy, 455 U.S. 509, 520-22 (1982). Prisoners may then resubmit petitions with only exhausted claims, or exhaust the remainder of their claims before filing another petition. Id. at 520.

## IV. DISCUSSION

### A. Exhaustion

Ballard seeks dismissal of the Petition on the ground that Prophet failed to exhaust all of his claims for relief in state court (Dkt. Nos. 53; 55). More particularly, Ballard argues that seven (7) of Prophet's ineffective assistance of counsel claims were not considered during his state post-conviction proceedings (Dkt. No. 55 at 22-23). In his response to the motion to dismiss, Prophet abandoned four (4) of those claims, and requested that the Court consider the issue of exhaustion only as to the other three (3) claims challenged by Ballard (Dkt. No. 61 at 2). Those include:

**Ground 10(14)** Trial counsel failed to object to, and move for a mistrial for, the cumulative effect of the persistent misconduct of the prosecutor, including, but not limited to, the prosecutor's knowing use of false testimony ("Ground 10(14)");

**Ground 12(3)** Appellate counsel failed to pinpoint with accurate, appropriate, and specific citations to the trial record the post-Miranda silence

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART REPORT AND
RECOMMENDATION [DKT. NO. 68], DENYING AS MOOT RESPONDENT'S
MOTION TO DISMISS [DKT. NO. 53] AND REMANDING THE CASE**

remarks of the prosecutor ("Ground 12(3)"); and

**Ground 12(4)**    Appellate counsel rendered ineffective assistance by failing to challenge the circuit court's refusal to strike two jurors for cause on appeal ("Ground 12(4)").

Dkt. No. 13-1 at 4-6. For the reasons that follow, the Court concludes that these three claims also have not been exhausted.

In order to exhaust state remedies, a habeas petitioner must "fairly present" the substance of his claim to the state's highest court. <u>Pethtel v. Ballard</u>, 617 F.3d 299, 306 (4th Cir. 2010) (citing <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997)). Although the petitioner's claims "need not be identical," he "must present the substance of his federal habeas corpus claim." <u>Id.</u> (internal citations and quotation marks omitted). To present the substance of his claim, the petitioner must present the claim "face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." <u>Id.</u> (citing <u>Mallory v. Smith</u>, 27 F.3d 991, 995 (4th Cir. 1994)). The petitioner must present both the operative facts and the controlling legal principles to the state court. <u>Id.</u> (citations omitted). As noted, the petitioner bears the burden of establishing that the claims he

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART REPORT AND
RECOMMENDATION [DKT. NO. 68], DENYING AS MOOT RESPONDENT'S
MOTION TO DISMISS [DKT. NO. 53] AND REMANDING THE CASE**

raised in the state proceedings are the same claims he has raised
here. See Pritchess v. Davis, 421 U.S. 482, 487 (1975).

In West Virginia, prisoners may exhaust their available state
court remedies either by stating cognizable federal constitutional
claims in a direct appeal, or by stating such claims in a petition
for a writ of habeas corpus in a state circuit court pursuant to
West Virginia Code § 53-4A-1, followed by filing a petition for
appeal from an adverse ruling in the Supreme Court of Appeals.
Moore v. Kirby, 879 F.Supp. 592, 593 (S.D.W.Va. 1995); McDaniel v.
Holland, 631 F.Supp. 1544, 1545 (S.D.W.Va. 1986). A prisoner may
also exhaust his state court remedies by filing a petition for a
writ of habeas corpus filed under the original jurisdiction of the
Supreme Court of Appeals. Importantly, however, an original
jurisdiction petition that is denied without an indication that the
denial is with prejudice following a determination on the merits
will not exhaust the prisoner's state court remedies. See Moore,
879 F.Supp. at 593; McDaniel, 631 F.Supp. at 1546; see also Meadows
v. Legursky, 904 F.2d 903, 908-909 (4th Cir. 1990).

The parties do not dispute that Prophet raised Grounds 10(14),
12(3) and 12(4) of the Petition in his brief appealing the Circuit
Court's denial of his state habeas petition (Dkt. No. 52-23). They

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART REPORT AND
RECOMMENDATION [DKT. NO. 68], DENYING AS MOOT RESPONDENT'S
MOTION TO DISMISS [DKT. NO. 53] AND REMANDING THE CASE**

also do not dispute that Prophet never raised these grounds in his state habeas petition and they therefore were not considered by the Circuit Court.

What Ballard does contend is that, because Grounds 10(14), 12(3), and 12(4) were not considered by the Circuit Court, they were not properly before the Supreme Court of Appeals on appeal (Dkt. No. 55 at 23-24). He further contends that, based on Prophet's procedural error in failing to raise Grounds 10(14), 12(3), and 12(4) in the Circuit Court, they have not been properly exhausted. Id. at 25. Prophet disputes this, claiming that he has fully exhausted the claims because he "'fairly presented' [them] to the State's highest court" on appeal, where, in his appellate brief, he "invoked the Original Jurisdiction of that court" to grant his writ of habeas corpus (Dkt. No. 61 at 9-10).

**1.    Appeal from Adverse Ruling**

As noted, a prisoner may exhaust his available state court remedies by stating cognizable federal constitutional claims in a petition for a writ of habeas corpus in a state circuit court. Following an adverse ruling there, he may file a petition for appeal in the Supreme Court of Appeals. Moore, 879 F.Supp. at 593; McDaniel, 631 F.Supp. at 1545. Although Prophet appealed from an

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART REPORT AND
RECOMMENDATION [DKT. NO. 68], DENYING AS MOOT RESPONDENT'S
MOTION TO DISMISS [DKT. NO. 53] AND REMANDING THE CASE**

adverse ruling on his state habeas petition, his inclusion for the
first time on appeal of the claims now alleged in Grounds 10(14),
12(3) and 12(4) of the Petition does not excuse his failure to
present them in his underlying habeas petition in the Circuit
Court.

As a general rule, the Supreme Court of Appeals does not
consider grounds raised for the first time on appeal. State v.
Jessie, 689 S.E.2d 21, 27 (W.Va. 2009) (citing Whitlow v. Bd. of
Educ. of Kanawha Cnty., 438 S.E.2d 15, 18 (W. Va. 1993)("The
rationale behind this rule is that when an issue has not been
raised below, the facts underlying that issue will not have been
developed in such a way so that a disposition can be made on
appeal.")). Because Prophet failed to raise Grounds 10(14), 12(3)
and 12(4) in his state habeas petition, those claims were not
properly before the Supreme Court of Appeals when Prophet included
them in his appeal of the Circuit Court's denial of that petition.

Notably, and presumably because Grounds 10(14), 12(3) and
12(4) were not considered by the court below, the Supreme Court of
Appeals made no reference to, and therefore included no factual
findings or legal determinations as to, those claims in its
memorandum decision affirming the Circuit Court's denial of relief

14

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART REPORT AND RECOMMENDATION [DKT. NO. 68], DENYING AS MOOT RESPONDENT'S MOTION TO DISMISS [DKT. NO. 53] AND REMANDING THE CASE**

(Dkt. No. 52-24).[2]  As such, there is no way for this Court to determine whether the Supreme Court of Appeals' adjudication of these claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. § 2254(d).

Furthermore, the issuance of a memorandum decision rather than an opinion by the Supreme Court of Appeals supports Ballard's contention that the court did not consider Prophet's newly raised Grounds 10(14), 12(3) and 12(4) on appeal. After finding "no substantial question of law and no prejudicial error" in the record, the Supreme Court of Appeals concluded that a memorandum decision affirming the Circuit Court's orders was appropriate under West Virginia Rule of Appellate Procedure 21(c). Id. at 1. W. Va. R.A.P. 21(c) provides that memorandum decisions affirming the decision of a lower court are appropriate when the Court of Appeals

_____

[2] In contrast, the court independently analyzed Prophet's claims that he was unconstitutionally prevented from proceeding pro se during his habeas proceedings, and that the Supreme Court of Appeals had failed to consider adequate federal precedent during his direct appeal. Id. at 5.

15

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART REPORT AND RECOMMENDATION [DKT. NO. 68], DENYING AS MOOT RESPONDENT'S MOTION TO DISMISS [DKT. NO. 53] AND REMANDING THE CASE**

(1) finds no substantial question of law and does not disagree with the decision of the lower tribunal as to the question of law, or (2) upon consideration of the applicable standard of review and the record presented, finds no prejudicial error. Rule 21(c) thus separates a memorandum decision from an opinion, which would have been necessary had the Supreme Court of Appeals considered the merits of the claims raised by Prophet for the first time on appeal, including those contained in Grounds 10(14), 12(3) and 12(4).

**2.   Original Jurisdiction**

The Supreme Court of Appeals' issuance of a memorandum decision, rather than an opinion, also establishes that, despite Prophet's contention in his appellate brief that he "invoked" the court's original jurisdiction to issue a writ of habeas corpus, the court declined to find or exercise such jurisdiction in the case.

Prophet initiated his appeal of the denial of his state habeas petition by filing a Notice of Appeal, as required by West Virginia Rule of Appellate Procedure Rule 5(b).  That Notice asserted that he was appealing the Circuit Court's orders denying his habeas petition (Dkt. No. 52-22 at 6). And again, in his brief on appeal

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART REPORT AND RECOMMENDATION [DKT. NO. 68], DENYING AS MOOT RESPONDENT'S MOTION TO DISMISS [DKT. NO. 53] AND REMANDING THE CASE**

filed pursuant to Rule 5(f), Prophet asserted that he was appealing the Circuit Court's orders (Dkt. No. 52-23).

Crucially, when he attempted to invoke the Supreme Court of Appeals' original jurisdiction as part of his appeal, Prophet erred procedurally by filing his Notice of Appeal under the requirements of Rule 5, and failing to file an original jurisdiction habeas petition pursuant to Rule 16 (Original Jurisdiction), which is initiated without a Notice of Appeal, and by filing an original jurisdiction petition directly with the Clerk of the Supreme Court of Appeals. Unsurprisingly, the memorandum decision of the Supreme Court of Appeals made no mention of, or reference to, Prophet's "invocation" of original jurisdiction.

This Court therefore concludes that, because of Prophet's procedural error in his state habeas petition, the substance of Grounds 10(14), 12(3) and 12(4) has not been "fairly present[ed]" to the state's highest court, as required for exhaustion. Pethtel, 617 F.3d at 306. Consequently, because he failed to properly exhaust Grounds 10(14), 12(3) and 12(4) of the Petition, Prophet has filed a mixed petition.

The exhaustion rule generally requires district courts to dismiss mixed petitions containing any unexhausted claims.

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART REPORT AND RECOMMENDATION [DKT. NO. 68], DENYING AS MOOT RESPONDENT'S MOTION TO DISMISS [DKT. NO. 53] AND REMANDING THE CASE**

§ 2254(b), (c); <u>Rose</u>, 455 U.S. at 520-22. Prophet, however, has clearly indicated that, should the Court find any of his claims unexhausted, he wishes to amend his Petition to delete the unexhausted claims and to proceed only on his exhausted claims (Dkt. No. 55 at 12). Finding no good cause to deny Prophet's request to so proceed, the Court deems that Prophet has abandoned Grounds 10(14), 12(3) and 12(4) and, therefore, **DENIES as MOOT** Ballard's motion to dismiss the Petition (Dkt. No. 53).

**B.   Procedural Default**

In his motion to dismiss, Ballard never argued that any of Prophet's claims were procedurally defaulted. However, he did raise the issue in his response to the Petition (Dkt. No. 52 at 5). Because Ballard raised procedural default as a ground for denial of the Petition, the magistrate judge considered it in the R&R (Dkt. No. 68 at 53-59), and found Grounds 1 and 2 of the Petition procedurally barred. <u>Id.</u> at 59. Prophet objected to this, asserting that he had "successfully demonstrated the 'cause and prejudice standard' required of him" to overcome procedural default (Dkt. No. 71 at 19-20). Accordingly, the Court will consider <u>de novo</u> whether Grounds 1 and 2 of the Petition are procedurally barred.

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART REPORT AND
RECOMMENDATION [DKT. NO. 68], DENYING AS MOOT RESPONDENT'S
MOTION TO DISMISS [DKT. NO. 53] AND REMANDING THE CASE**

Procedural default is an equitable doctrine that acts as a
corollary to the exhaustion requirement of § 2254. <u>Dretka v. Haley</u>,
541 U.S. 386, 392 (2004). In federal habeas proceedings, the Court
"will not review a question of federal law decided by a state court
if the decision of that court rests on a state law ground that is
independent of the federal question and adequate to support the
judgment . . . whether the state law ground is substantive or
procedural." <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991). This
"adequate and independent state ground" prevents petitioners from
exhausting their federal claims in state court through purposeful
procedural default. <u>Id.</u> at 732.

Here, after finding that Prophet had failed to raise, at trial
or on direct appeal, claims that (1) undue media coverage
influenced the jury ("Ground 1"), and that (2) the trial court
erred in denying his motions to strike two jurors for cause
("Ground 2"), the Circuit Court concluded that he had waived these
claims and denied habeas relief (Dkt. No. 52-19 at 11-12).

The Supreme Court of Appeals affirmed, concluding that the
Circuit Court's orders, including the June 24, 2015 order finding
that Prophet had waived Grounds 1 and 2, "adequately resolve[d] all
issues raised by petitioner in his habeas petition except for . .

19

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART REPORT AND RECOMMENDATION [DKT. NO. 68], DENYING AS MOOT RESPONDENT'S MOTION TO DISMISS [DKT. NO. 53] AND REMANDING THE CASE**

. two issues," neither of which were the claims at issue here (Dkt. No. 52-24 at 5). In addressing waiver, the Circuit Court determined that Prophet had "knowingly and intelligently fail[ed] to advance" the contention contained in Ground 1 of his habeas petition at trial or on appeal, and had similarly "fail[ed] to advance" the contention in Ground 2 on appeal (Dkt. No. 52-19 at 11-12).

The "waiver" provision referenced by the Circuit Court is found at W. Va. Code § 53-4A-1(c), and provides as follows:

> [A] contention or contentions and the grounds in fact or law relief upon in support thereof shall be deemed to have been waived when the petitioner could have advanced, but intelligently and knowingly failed to advance, such contention or contentions and grounds . . . in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article . . . . .

In light of this well-established authority, Prophet cannot argue here that the procedural bar on his claims of undue media coverage and failure to strike jurors for cause was not based on an adequate and independent state law ground. See Coleman, 501 U.S. at 729.

**1.  Adequate and Independent State Law Ground**

A state procedural rule is adequate if "firmly established and regularly followed." Walker v. Martin, 562 U.S. 307, 316 (2011). The rule must be firmly established and regularly applied at the

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART REPORT AND RECOMMENDATION [DKT. NO. 68], DENYING AS MOOT RESPONDENT'S MOTION TO DISMISS [DKT. NO. 53] AND REMANDING THE CASE**

time a petitioner ran afoul of it, not when it was applied by the state court. See Leyva v. Williams, 504 F.3d 357, 366-67 (3d Cir. 2007). "As a general matter, whenever a procedural rule is derived from state statutes . . . the rule is necessarily firmly established." O'Dell v. Netherland, 95 F.3d 1214, 1241 (4th Cir. 1996). A rule is "regularly followed" if "applied consistently to cases that are procedurally analogous," including "cases in which the particular claim could have been raised previously but was not." Jones v. Sussex I State Prison, 591 F.3d 707, 716 (4th Cir. 2010) (quoting McCarver v. Lee, 221 F.3d 583, 589 (4th Cir. 2000)).

As waiver is a firmly established principle of West Virginia jurisprudence that has been consistently applied by the state courts, it provides an adequate ground of support of the state court's ruling. Walker, 562 U.S. at 316. Section 53-4A-1(c) waiver is a statutory rule enacted in 1967 and thus "necessarily firmly established." O'Dell, 95 F.3d at 1241. Nor is there evidence that the Supreme Court of Appeals has not applied this rule regularly and consistently. See Boothe v. Ballard, No. 2:14cv25165, 2016 WL 1275054, at *46-*49 (S.D.W. Va. Mar. 31, 2016) (holding that waiver is adequate and independent where "a petitioner is represented by counsel and fails to appeal certain claims to the" Supreme Court of

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART REPORT AND RECOMMENDATION [DKT. NO. 68], DENYING AS MOOT RESPONDENT'S MOTION TO DISMISS [DKT. NO. 53] AND REMANDING THE CASE**

Appeals); Howard v. Ballard, No. 5:08cv112, 2009 WL 1872970, at *14 (N.D.W. Va. June 29, 2009) ("[T]here is no evidence that 53-4A-1c has not been regularly and consistently applied.").

The decision of the Supreme Court of Appeals barring Prophet's claims as waived also was independent of federal law. A state procedural rule is not independent if it "depend[s] on a federal constitutional ruling on the merits." Stewart v. Smith, 536 U.S. 856, 860 (2002). In other words, if the application of a state procedural bar such as res judicata is predicated on a federal constitutional ruling, it does not constitute an independent ground. Foster v. Chapman, 136 S.Ct. 1737, 1745-47 (2016). Moreover, the Supreme Court's established presumption of federal review includes those cases not only where a state court judgment "rest[s] primarily on federal law," but also where it "fairly appears" to be "interwoven with federal law." Coleman, 501 U.S. at 739. Here, the state court did not rely on a federal constitutional ruling in its application of the waiver provision, and its discussion on the matter neither rested primarily on federal law, nor appeared to be "interwoven with" federal law (Dkt. No. 52-19 at 11-12).

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART REPORT AND RECOMMENDATION [DKT. NO. 68], DENYING AS MOOT RESPONDENT'S MOTION TO DISMISS [DKT. NO. 53] AND REMANDING THE CASE**

Therefore, the Supreme Court of Appeals' bar of Grounds 1 and 2 rests on an adequate and independent state law ground, and Prophet is not free to pursue his procedurally defaulted claims.

### 2. Cause and Actual Prejudice

The doctrine of procedural default illustrates the principle that "[f]ederal courts sitting in habeas . . . are not an alternative forum for trying . . . issues which a prisoner made insufficient effort to pursue in state proceedings." Trevino v. Thaler, 569 U.S. 413, 430 (2013) (Roberts C.J., dissenting) (quoting Williams, 529 U.S. at 437). Nonetheless, a petitioner may advance procedurally defaulted claims under § 2254 if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

"'Cause' under the cause and prejudice standard must be something external to the petitioner, something that cannot fairly be attributed to him . . . ." Id. at 753. Such an "objective factor external to the defense" might include unavailability of the factual or legal basis for a claim or interference by officials. Id. (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)). Notably, litigants must bear the risk of attorney error; simple ignorance or

inadvertence of counsel will not suffice to establish cause. <u>Id.</u> Attorney error that rises to the level of constitutionally ineffective assistance, however, is sufficient to establish cause. A failure to provide adequate counsel as required by the Sixth Amendment must "be imputed to the state" and is thus a factor external to the defense. <u>Id.</u> at 754.

To avoid the consequences of his default, Prophet alleges that his counsel was ineffective for failing to raise Grounds 1 and 2 on direct appeal (Dkt. No. 62 at 3-4). He asserts that, although he requested and expected the claims to be raised, counsel declined to advance them. <u>Id.</u> at 5. Prophet further asserts that, had these claims been raised, his appeal "would have been successful." <u>Id.</u> at 5. Thus, he reasons that counsel was ineffective and such ineffectiveness establishes the requisite cause and actual prejudice to excuse his default.

In <u>Strickland v. Washington</u>, the Supreme Court of the United States articulated a two-prong test for assessing the assistance of counsel. 466 U.S. 668 (1984). In order to establish a violation of his Sixth Amendment rights under <u>Strickland</u>, a defendant must demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." <u>Id.</u> at 687.

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART REPORT AND RECOMMENDATION [DKT. NO. 68], DENYING AS MOOT RESPONDENT'S MOTION TO DISMISS [DKT. NO. 53] AND REMANDING THE CASE**

The "performance prong" requires establishing that "counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. In reviewing the reasonableness of counsel's performance, "judicial scrutiny must be highly deferential." Id. at 689-90. In fact, there is a "strong presumption" that the conduct at issue is reasonable on the "wide range of reasonable professional assistance." Id. at 689. Under the "prejudice prong," the defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is one that is "sufficient to undermine confidence in the outcome." Id.

In this case, Prophet contends that he received ineffective assistance of counsel because although his appellate counsel filed a merits brief he failed to raise two particular claims. Importantly, the Supreme Court of the United States has held that "appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim." Smith v. Robbins, 528 U.S. 259, 288 (2000) (citing Jones v. Barnes, 463 U.S. 745 (1983)). Neither is counsel required to raise every colorable claim on appeal. Jones, 463 U.S. at 754. To the contrary, "counsel rather

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART REPORT AND RECOMMENDATION [DKT. NO. 68], DENYING AS MOOT RESPONDENT'S MOTION TO DISMISS [DKT. NO. 53] AND REMANDING THE CASE**

may select from among them in order to maximize the likelihood of success." Smith, 528 U.S. at 288.

The Supreme Court has observed that, "[w]innowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986) (internal quotation marks omitted). Counsel therefore has latitude to decide what claims to advance on appeal. Cole v. Branker, 328 F. App'x 149, 158-59 (4th Cir. 2008). Finally, the Supreme Court has noted that, when arguing that appellate counsel failed to raise a particular claim, it is "possible" but "difficult to demonstrate that counsel was incompetent." Smith, 528 U.S. at 288 (citing Gray v. Greer, 800 F.2d 644, 656 (7th Cir. 1986) ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.").

Here, Prophet's counsel raised a number of issues on appeal. In particular, he challenged the sufficiency of the evidence, the state's use of a novel authored by Prophet, and the prosecutor's comments on Prophet's post-arrest silence (Dkt. No. 52-14 at 8; 39; 45). He also challenged the Circuit Court's refusal to give Prophet's proferred jury instruction on his theory of defense, as well as the State's "knowing[]" presentation of allegedly "false

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART REPORT AND RECOMMENDATION [DKT. NO. 68], DENYING AS MOOT RESPONDENT'S MOTION TO DISMISS [DKT. NO. 53] AND REMANDING THE CASE**

and perjured" testimony. Id. at 48; 50-58. Finally, he advanced claims of prosecutorial and judicial misconduct based on allegedly "improper remarks" made by the prosecutor and trial judge. Id. at 58-72; 72-78. In total, counsel raised seven assignments of error on appeal.

Especially in light of the rule that counsel need not raise every colorable claim, Jones, 463 U.S. at 754, it was not objectively unreasonable for Prophet's appellate counsel to focus his arguments on these seven grounds, and the accompanying sub-grounds, rather than to pursue the two additional grounds Prophet raises here. See Cole, 328 F. App'x at 159; see also Jones, 463 U.S. at 753 ("A brief that raises every colorable issue runs the risk of burying good arguments."). Thus, Prophet has not overcome the presumption that counsel merely "winnow[ed] out" weaker claims on appeal in order to focus on those he felt were more likely to prevail.

Moreover, Prophet has not established that the claims "ignored" on appeal were "clearly stronger than" those raised. Gray, 800 F.2d at 656. At best, he "has shown that these claims could have been raised on direct appeal, not that they should have been raised, or that they were more meritorious than those presented." Howard, 2009 WL 1872970, at *15. The Court therefore

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART REPORT AND RECOMMENDATION [DKT. NO. 68], DENYING AS MOOT RESPONDENT'S MOTION TO DISMISS [DKT. NO. 53] AND REMANDING THE CASE**

concludes that Prophet's appellate counsel performed "within the wide range of reasonable professional assistance." See Strickland, 466 U.S. at 689; Jones, 463 U.S. at 754.

Because Prophet received the effective assistance of counsel on appeal, the Court need not consider the prejudice element. Cole, 328 F. App'x at 159. Even so, Prophet has failed to establish a reasonable probability that, but for counsel's failure to raise these issues on appeal, the result of that proceeding would have been different. At bottom, and for the reasons more fully discussed in the R&R, Prophet's conclusory allegation that, had the claims been raised by counsel, his appeal "would have been successful," is insufficient to "undermine confidence in the outcome" of that proceeding. Strickland, 466 U.S. at 694.

For these reasons, the Court concludes that Prophet has failed to establish that his counsel was ineffective on appeal so as to show cause and actual prejudice for his procedural default.[3]

---

[3] Notably, Prophet does not assert that a "fundamental miscarriage of justice" will occur if the Court does not consider the merits of Grounds 1 and 2. Coleman, 501 U.S. at 750. Nor has he established that he is actually innocent of the crimes for which he was convicted. See Prieto v. Zook, 791 F.3d 465, 469 (4th Cir. 2015)(noting that, in order to establish a "fundamental miscarriage of justice," a petitioner must prove that "a constitutional violation has probably resulted in the conviction of one who is actually innocent")(internal citations omitted).

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART REPORT AND
RECOMMENDATION [DKT. NO. 68], DENYING AS MOOT RESPONDENT'S
MOTION TO DISMISS [DKT. NO. 53] AND REMANDING THE CASE**

Accordingly, because the state court rested its decision to deny
relief on an independent and adequate state ground and Prophet has
failed to show cause or prejudice, the Court concludes that Grounds
1 and 2 of the Petition are procedurally barred and, therefore,
**DISMISSES** both claims **WITH PREJUDICE**.

### V. CONCLUSION

For the reasons discussed, the Court:

1). **ADOPTS in PART** the R&R to the extent it finds Grounds
10(14), 12(3) and 12(4) of the Petition to be
unexhausted, and Grounds 1 and 2 to be procedurally
barred, and is otherwise consistent with this opinion
(Dkt. No. 68);

2). **CONCLUDES** that the petitioner has abandoned the
unexhausted Grounds 10(14), 12(3) and 12(4) of the
Petition;

3). **DISMISSES WITH PREJUDICE** Grounds 1 and 2 of the Petition
(Dkt. No. 13);

4). **DENIES as MOOT** the respondent's motion to dismiss (Dkt.
No. 53);

5). **DENIES as MOOT** the petitioner's clarified motion for the
Court to expedite review (Dkt. No. 66);

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART REPORT AND RECOMMENDATION [DKT. NO. 68], DENYING AS MOOT RESPONDENT'S MOTION TO DISMISS [DKT. NO. 53] AND REMANDING THE CASE**

6). **DENIES as MOOT** the petitioner's motion for the district judge to direct the magistrate judge to expedite review (Dkt. No. 67);

7). **GRANTS** the petitioner's motion for leave to exceed the page limit (Dkt. No. 70); and

8). **REMANDS** the case to the Honorable Michael J. Aloi, United States Magistrate Judge, for consideration of the merits of petitioner's remaining claims 3-9, 10(1)-10(13), 10(15)-10(16), 11, 12(1)-12(3), and 13.

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

DATED: March 28, 2018.


/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE