IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

ANTONIO PROPHET,

        Petitioner,

v.                              Civ. Action No. 1:16-cv-178
                                    (Judge Kleeh)

RALPH TERRY,
Acting Warden,

        Respondent.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98],
GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND
DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

Pending before the Court is United States Magistrate Judge Michael J. Aloi's Report and Recommendation ("R&R") concerning the *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* filed by <u>pro se</u> Petitioner Antonio Prophet ("Petitioner"). Judge Aloi recommends that the Court grant the Respondent's Motion for Summary Judgment. For the reasons set forth below, the Court adopts the R&R, overrules Petitioner's objections, grants the Motion for Summary Judgment, and denies and dismisses the petition.

## I.   <u>BACKGROUND</u>

In 2012, a jury in the Circuit Court of Berkeley County, West Virginia, convicted Petitioner of two counts of first-degree

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98],
GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND
DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

murder[1] and one count of first-degree arson. ECF No. 13-3 at 4.
The jury did not recommend mercy on either of the murder
convictions. ECF No. 13-2 at 3. The trial court sentenced him to
a determinate term of life without the possibility of parole on
each murder conviction and to a determinate term of twenty (20)
years on the arson conviction, with all sentences to run
consecutively. Id.

Petitioner appealed his conviction to the Supreme Court of
Appeals of West Virginia ("SCAWV"), which affirmed the trial
court's conviction. ECF No. 52-15. Meanwhile, he petitioned the
Circuit Court of Berkeley County for a writ of habeas corpus, which
it summarily dismissed after directing Respondent to answer
certain claims. ECF Nos. 13-3, 13-4. Petitioner appealed the
summary dismissal to the SCAWV, which denied him relief via
Memorandum Decision. ECF No. 13-2.

Petitioner filed a pro se § 2254 petition in this Court on
September 2, 2016. ECF No. 13. Per Judge Aloi's March 28, 2018,
Order, the only claims remaining for consideration are Grounds 3–

---

[1] Petitioner was charged with the murder of Angela Devonshire
("Angela") and her three-year-old son, Andre White ("Andre").

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98],
GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND
DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

9, 10(1)–10(13), 10(15)–10(16), 11, 12(1)–12(3), and 13, along with all subparts to each. See ECF No. 73 at 30.

Ralph Terry, the Respondent and Acting Warden at Mount Olive Correctional Complex ("Respondent"), filed a Motion for Summary Judgment on May 3, 2018, arguing that the petition should be dismissed because Petitioner failed to state a claim upon which relief can be granted. ECF No. 81. Petitioner filed a Response. ECF No. 90. Judge Aloi then entered his R&R, recommending that the Court grant Respondent's Motion for Summary Judgment and deny and dismiss the petition. ECF No. 96.

On March 6, 2019, Petitioner filed objections to the R&R. ECF No. 98. He makes the following objections:

> OBJECTION 1: To certain portions of Judge Aloi's factual findings;
>
> OBJECTION 2: To Judge Aloi's analysis and legal determinations in Grounds 3, 4 (and all sub grounds), 5, 7 (and all sub grounds), 8 (and all sub grounds), 9, 10 (and all sub grounds), 11, 12 (and all sub grounds), and 13;
>
> OBJECTION 3: To Judge Aloi's "grouping" of Petitioner's claims "by type" — specifically as to his Ground 4 claim — and to how Judge Aloi failed to state in his R&R how the prosecutorial remarks challenged by

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

Petitioner in Ground 4 are not post-Miranda silence remarks in violation of <u>Doyle</u>;

<u>OBJECTION 4</u>: To Judge Aloi's deliberate distortion of the record (altering the chronological order of a significant verbal interaction at trial);

<u>OBJECTION 5</u>: To Judge Aloi's misapprehension of Petitioner's Ground 4(3) claim;

<u>OBJECTION 6</u>: To Judge Aloi's repeated assertion that the petition "completely fails to identify what specific acts the Petitioner is alleging" in his Ground 7 and Ground 8 claims;

<u>OBJECTION 7</u>: To Judge Aloi's cherry-picking of specific acts of misconduct alleged in Petitioner's Ground 7 and Ground 8 claims;

<u>OBJECTION 8</u>: To Judge Aloi's failure to abide by the law regarding the granting of summary judgment; and

<u>OBJECTION 9</u>: To Judge Aloi's current and possible future participation in the matter.

<u>See</u> ECF No. 98.

## II.   <u>STANDARD OF REVIEW</u>

When reviewing a magistrate judge's R&R, the Court must review <u>de novo</u> only the portions to which an objection has been timely

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the [parties do] not object." Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Here, due to the broad scope of Petitioner's objections, the Court will review de novo the merits of all remaining grounds. Plaintiff's Complaint will be liberally construed because he is proceeding pro se. See Estelle v. Gamble, 429 U.S. 97 (1976).

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98],
GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND
DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The

nonmoving party must "make a sufficient showing on an essential

element of her case with respect to which she has the burden of

proof." Id. Summary judgment is proper "[w]here the record taken

as a whole could not lead a rational trier of fact to find for the

non-moving party, there [being] no 'genuine issue for trial.'"

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

587 (1986) (citing First Nat'l Bank of Ariz. v. Cities Serv. Co.,

391 U.S. 253, 288 (1968)).

### III. DISCUSSION

Habeas relief is available under 28 U.S.C. § 2254 to state

prisoners in "custody in violation of the Constitution or laws or

treaties of the United States."[2] Habeas relief under § 2254 is only

appropriate when the state court's adjudication of the claim either

---

[2] Violations of state law or procedure that do not implicate a
specific federal provision do not warrant habeas review. See
Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) (writing that "it is
not the province of a federal habeas court to reexamine state-
court determinations on state-law questions" and that "[i]n
conducting habeas review, a federal court is limited to deciding
whether a conviction violated the Constitution, laws, or treaties
of the United States"). "It is axiomatic that federal courts may
intervene in the state judicial process only to correct wrongs of
a constitutional dimension." Wainwright v. Goode, 464 U.S. 78, 83
(1983).

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

(1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,"[3] or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[4] 28 U.S.C. § 2254(d)(1)-(2).

This Court may grant relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). It may grant relief under the "unreasonable application" clause "if the state court identifies the correct governing legal principal from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 365. Section 2254 also provides that the "State court shall be presumed to be correct" and that "[t]he applicant shall have the burden of rebutting the presumption of

---

[3] This is referred to as the "contrary to" clause.
[4] This is referred to as the "unreasonable application" clause.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

A petitioner must exhaust his remedies in the courts of the state before seeking § 2254 review. Id. § 2254(b). To exhaust his remedies, a federal habeas petitioner must have presented all federal claims, in federal terms, to the highest state court before presenting them for federal habeas review. Picard v. Connor, 404 U.S. 270, 275 (1971). Thus, to exhaust a claim in state court, a petitioner must "expressly raise[] that same federal constitutional claim in state court that he raises in federal court." Diaz v. Weisner, No. 3:06CV81-1-MU, 2006 WL 2224292, at *11 (W.D.N.C. Aug. 1, 2006).

Here, Petitioner states that he has exhausted his state remedies because all grounds in the petition have been presented to West Virginia's highest court. ECF No. 13 at 15. Petitioner has alleged seven general types of claims: (A) Prosecutorial Misconduct; (B) Judicial Bias/Misconduct; (C) Insufficient Evidence; (D) Ineffective Assistance of Trial Counsel; (E) Ineffective Assistance of Appellate Counsel; (F) Denial of Meaningful Appellate and Post-Conviction Collateral Review; and

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98],
GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND
DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

(G) Cumulative Error. The Court has sorted the counts based on their "type" and will analyze them under each type's governing law. The Court will examine in turn each ground alleged in the petition that remains for consideration.

A.    PROSECUTORIAL MISCONDUCT

In determining whether a prosecutor's actions during trial warrant habeas relief, "[t]he relevant question is whether the prosecutor's comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). The Fourth Circuit has established a two-pronged test to apply in answering this question. First, the defendant must show that the prosecutor's remarks were improper. United States v. Wilson, 135 F.3d 291, 297 (4th Cir. 1998). Second, he must show that the remarks prejudicially affected the defendant's substantial rights so as to deprive him of a fair trial. Id. Several factors influence this determination, and no one factor is dispositive. The Court considers "(1) the degree to which the prosecutor's remarks have a tendency to mislead a jury and prejudice the accused; (2) whether the remarks were isolated

9

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

or extensive; (3) absent the remarks, the strength of competent proof introduced to establish guilt of accused; and (4) whether comments were deliberately placed before the jury to divert attention from extraneous matters." Id. at 299 (citing United States v. Adam, 70 F.3d 776, 780 (4th Cir. 1995)). It also considers "(5) whether the prosecutor's remarks were invited by improper conduct of defense counsel, and (6) whether curative instructions were given to the jury[.]" Id. (citing United States v. Young, 470 U.S. 1, 12–13 (1985), and United States v. Harrison, 716 F.2d 1050, 1053 (4th Cir. 1983) (internal citations omitted)).

The Supreme Court of the United States has indicated that "a criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context; only by so doing can it be determined whether prosecutor's conduct affected the fairness of the trial." Young, 470 U.S. at 11. Courts have applied the "invited response" or "invited reply" rule, which looks at the remarks within the context of the entire trial to determine whether the prosecutor's behavior amounted to prejudicial error. Id. at 11–12. Turning to the specific claims alleged as prosecutorial

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98],
GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND
DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

misconduct, the Court finds that none of the prosecutor's alleged actions so infected the trial with unfairness as to make the resulting conviction a denial of due process. Petitioner has not shown that the SCAWV's dismissal of these claims was an unreasonable application of the law or an unreasonable determination of the facts. As discussed below, he is not entitled to § 2254 relief on his prosecutorial misconduct claims.

**Ground 3**

Specifically, Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated when the prosecutor knowingly used false testimony from Joseph Medina ("Medina") to obtain convictions. ECF No. 13 at 10.

A defendant's right to due process is violated when "the prosecution's case included perjured testimony and 'the prosecution knew, or should have known, of the perjury.'" Jones v. Seifert, 808 F. Supp. 2d 900, 920 (S.D.W. Va. 2011) (citing United States v. Agurs, 427 U.S. 97, 103 (1976)). To obtain relief based on such a violation, a petitioner must "demonstrate in his petition for habeas corpus (1) that a witness made a false statement; (2)

that the false statement was material; and (3) that the false testimony was knowingly and intentionally employed by the government in order to obtain a conviction." <u>Leigh v. United States</u>, No. 3:04CV22, 2005 WL 1334568, at *6 (N.D.W. Va. June 3, 2005) (citing <u>Beasley v. Holland</u>, 649 F. Supp. 561, 566 (S.D.W. Va. 1986)). Importantly, "[m]ere inconsistencies in testimony by government witnesses do not establish the government's knowing use of false testimony." <u>United States v. Griley</u>, 814 F.2d 967, 971 (4th Cir. 1987). "The credibility of witnesses is within the sole province of the jury and is not subject to further judicial scrutiny." <u>Beasley</u>, 649 F. Supp. at 566.

Here, the SCAWV found that Petitioner "failed to show that the prosecutor presented false testimony," noting that there was "no conclusive evidence that Medina's trial testimony was false." ECF No. 52-15 at 27. The court acknowledged that there were inconsistencies between Medina's prior statements to police and Medina's testimony at trial but found that the inconsistencies did not amount to a false statement at trial. <u>Id.</u> Petitioner's inconsistent statements could mean that he lied previously and was not lying at trial. <u>Id.</u> The SCAWV noted that "[t]hese are areas

12

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

which are appropriate for vigorous cross examination," and Petitioner's counsel attacked Medina's credibility during cross examination. Id. at 28.

This Court agrees with the SCAWV. Petitioner has not cited any factual information to support a finding that Medina lied while testifying at trial. As Judge Aloi stated, Petitioner "has not proven that there was any perjury, let alone that 'the prosecution knew, or should have known of the perjury[.]'" ECF No. 96 at 23 (citing Agurs, 427 U.S. at 103). Inconsistent testimony is not proof of perjury. The comments did not so infect the trial with unfairness so as to deprive Petitioner of a fair trial. The SCAWV's determinations of the facts and application of the law were reasonable as to Ground 3, and Petitioner is not entitled to relief under § 2254.

### Ground 4

Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated when the prosecutor impeached Petitioner's credibility by attacking his post-Miranda silence.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

### Ground 4(1)

Specifically, Petitioner alleges that his constitutional rights were violated when the prosecutor, during cross examination, repeatedly questioned him regarding his post-Miranda silence and, during closing arguments, argued that the discrepancy between his exculpatory story at trial and his silence at time of arrest gave rise to a legitimate inference that the exculpatory story was fabricated.

The Supreme Court of the United States held in Miranda v. Arizona that the prosecution may not use statements stemming from custodial interrogations of a suspect unless the prosecution demonstrates that it has used certain procedural safeguards. 384 U.S. 436, 478–79 (1966). To violate Miranda, police must have obtained a statement — without using safeguards — from a suspect while he was (1) in custody and (2) being interrogated.

If a defendant testifies at trial and tells an exculpatory version of events, the State may not use his post-Miranda silence to impeach him. See Buckner v. Polk, 453 F.3d 195, 208 (4th Cir. 2006). However, there is a difference between post-Miranda silence and pre-Miranda silence. "Common law traditionally has allowed

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

witnesses to be impeached by their previous failure to state a fact in circumstances in which that fact naturally would have been asserted." Jenkins v. Anderson, 447 U.S. 231, 239 (1980). The Jenkins Court held that "impeachment by use of prearrest silence does not violate the Fourteenth Amendment." Id. at 240. "Each jurisdiction may formulate its own rules of evidence to determine when prior silence is so inconsistent with present statements that impeachment by reference to such silence is probative." Id. at 239.

Here, at trial, Petitioner testified to an exculpatory version of events. The following includes the relevant portions of the trial transcript during cross examination, some of which was included by Petitioner in his briefing:

> **Q.** And you told us today that you wrote this work of fiction and you've told us this story that you've told us about what happened on the night of the events and that particular story was never told to anyone of law enforcement —
>
> **MR. MANFORD:** Objection.
>
> **Q:** — or otherwise.
>
> **THE COURT:** Hold on. There's an objection.
>
> **MR. MANFORD:** I may be totally wrong but — can we have a short sidebar?

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

---

**THE COURT:** Sure.

(Conference at the bench)

**MR. MANFORD:** I could be wrong but isn't that commenting on prior statements? She's trying to say you didn't tell anybody about that. That's his right until he comes to court.

**THE COURT:** He can say why he didn't do it, but I think she's entitled to say this is the first time it has come up, yeah.

**MR. MANFORD:** So I'm not arguing again, but I had this in another case in Morgan County where the prosecutor made a reference to the Defendant never . . .

**THE COURT:** Exercising his right to silence to the police officer. She can't say you never told it to the police or anything like that. Did you ever tell it to anyone. You can't say when the police got you[,] you didn't tell them that, did you. This is one of those cases where there could be an exception because he did make contact after the event to Mr. Devonshire[,] and she could say why didn't you tell him[,] but you can't — pre-arrest silence is not the same as post-arrest. It's statements to law enforcement that is exercising your right to silence so you can't ask him about anything about law enforcement.

**MR. MANFORD:** Okay.

**THE COURT:** But you can say he contacted Mr. Devonshire after and you didn't tell him things like that because that's not exercising your right to silence.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

**MR. MANFORD:** I agree.

**THE COURT:** Pre-arrest. Pre-arrest silence is allowed in. Post-arrest silence isn't.

**MR. PREZIOSO:** After he was arrested.

**MR. PREZIOSO:** After he was arrested he did — [Lieutenant] Harmison did try to interview him and he asserted his Fifth Amendment right.

**THE COURT:** All of that stays out. It has to be pre-arrest.

**MR. MANFORD:** That was two years ago, right. Your Honor, just so we have a time, pre-arrest silence was two years ago.

**THE COURT:** Unless he made a statement to someone — I mean, if it's — if it's non-law enforcement he made a statement.

**MR. MANFORD:** Some snitch in the jail, sure.

**THE COURT:** Or something like that, but pre-arrest silence does not — the Fifth Amendment has not attached —

**MR. MANFORD:** I agree.

**THE COURT:** So pre-arrest silence.

**MR. MANFORD:** You're at your own peril if you talk to someone.

**THE COURT:** Right. Or someone non-law enforcement outside.

(In open court.)

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98],
GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND
DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

**MS. GAMES-NEELY:** (resumed)

**Q:** You did not tell anyone the story that you told us yesterday prior to taking the stand; is that correct?

**A:** That's incorrect.

**MR. MANFORD:** Objection. Move to strike based on the ruling. Unless I totally misunderstood what the Court —

**THE COURT:** Well, no. What I said — I'm going to allow that and leave it at that. I will overrule the objection based on that.

**MS. GAMES-NEELY:** (resumed)

**Q:** Did you, in fact, contact Sidney Devonshire — and I will put this back up on the overhead. The jury has already seen this. I'm going to show you Defendant's Exhibit Number Nine, sir, and ask if you recognize that text message.

**THE COURT:** It's already in. he's already identified it.

**A:** Yes, ma'am.

**Q:** That is the text message that you sent to Sidney Devonshire; is that right?

**A:** That is correct.

**Q:** And that text message has what date on it?

**A:** June 7th, 2010, 7:53 p.m.

**A:** And on that particular text message, sir,

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

> do you describe to him what you've described on that witness stand?
>
> **A:** No, ma'am.
>
> **Q:** Did you call Sidney Devonshire and tell Sidney Devonshire what information you had regarding the murder of his daughter and his grandson?
>
> **A:** No, ma'am.

ECF No. 52-31 at 33–37. The next portion of the transcript, which Petitioner cites in part, is as follows:

> **Q:** And in this instance, you've had two years to make up this story.
>
> **A:** I didn't make up any story, ma'am.
>
> **Q:** And you've had two years to review all the discovery, all of the pieces, all of the elements —
>
> **A:** I didn't —
>
> **Q:** — before you came here to testify?
>
> **A:** I didn't make up any story, ma'am.
>
> **Q:** But you've had two years to review absolutely every detail of this case.
>
> **A:** If you want to look at it like that, yes, ma'am.

Id. at 157.

Finally, the prosecutor made the following remarks to the

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

jury during closing arguments:

> He studied the records. In every criminal case in West Virginia the State must hand to the defendant everything we know about this case. He has had two years to go through each and every record in this case, each and every phone record, each and every cell record, each and every statement. Everything we have he's had the opportunity to do it. As any author will tell you, they study their craft, how does A fit into B, and how can I best convince somebody else to do this. Let's face it, he's facing a life sentence. If he doesn't sell the book, if he doesn't sell his story, ladies and gentlemen, he's facing a life sentence. He has a reason to create and craft a story. And that's what it is. It is a story.

> Don't be convinced by somebody who takes the stand and somebody who is slick, can tell a story, can sit up there and weave his craft in front of you as if he's reading his own novel . . . .

> . . .

> He never tells a living soul his story until he takes that stand.

> . . .

> Remember that? He's got two years to craft his story.

> . . .

> He waits to be on the stand to craft his story. All of his pieces fit. They fit because you can look at every piece of evidence and go oh,

20

> this must be what happened. This must be what happened. This may be what happened.
>
> . . .
>
> He's crafted his story. He sat there slicked and polished after two years and wrote his story because if he fails in this story he goes to prison for the rest of his life so connect all the little dots.
>
> . . .
>
> It's a story. He wrote a tale and he sat upon the witness stand and he told you that tale after he looked at every sheet of paper that he went over it mile after mile, and he weaved and crafted it into a fine story.

ECF No. 52-32 at 42–43; 54; 55; 64–65; 107; 108.

These excerpts from the record indicate that the trial judge told the prosecutor that she could not comment on Petitioner's post-arrest silence to law enforcement. The prosecutor did not ask Petitioner about his silence to law enforcement upon arrest. When she asked him if he had told his story to anyone in law enforcement, defense counsel objected, prompting the original sidebar. She then asked Petitioner if he told "anyone" his version of events, and she asked him, specifically, if he told Angela's father his version of events.

The SCAWV recognized that some of the state's questions

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

"potentially could have been construed as referring to the petitioner's post-arrest silence" but "also could simply have been a general initial question for the prosecutor's line of questioning regarding petitioner's pre-arrest discussion with Mr. Devonshire." ECF No. 52-15 at 24. The SCAWV wrote that "[t]he question was ambiguous and isolated, and the prosecutor did not pursue this question improperly into the realm of post-arrest silence." Id.

This Court agrees with the SCAWV's determinations. Comments or lack of comments made to Angela's father do not warrant Miranda warnings and, thus, are proper questioning territory for a prosecutor to explore. The other questions asked by the prosecutor (i.e. "Did you mention to anyone . . . .") could be construed as either pre- or post-arrest, and the state court's determination that they are pre-arrest was reasonable. It is also reasonable that the state court would find that even if the comments were post-arrest, they were ambiguous and isolated and did not infect the trial with unfairness as to violate due process. The SCAWV's factual determinations and application of the law as to Ground 4(1) are reasonable, and Petitioner is not entitled to relief.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

### Ground 4(2)

Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated when the prosecutor, during cross examination and closing arguments, repeatedly asserted that Petitioner's due process mandated entitlement to discovery evidence had aided him in deceiving the jury. The comments relevant to this claim are included above in Ground 4(1). Petitioner has cited no law indicating that a prosecutor may not comment on his right to review discovery. Regardless, the comments were isolated and did not so infect the trial with unfairness as to make the resulting conviction a denial of due process. On this issue, the SCAWV's application of law and determination of facts were reasonable. Therefore, the Court finds that this claim is without merit.

### Ground 4(3)

Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated when the prosecutor, during cross examination and closing arguments, "implicitly and illicitly utilized the privileges of the attorney-client relationship to the detriment of the

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

Petitioner." His petition does not indicate what specific behavior he is referencing.

Petitioner, in his objections, clarifies that he "is asserting that the State gave to the Petitioner absolutely no evidence at all – they gave it to his attorneys[.]" ECF No. 98 at 7. When Petitioner reviewed the State's evidence, he did so during a "privileged consultation with his attorneys." Id. Petitioner believes that the prosecutor improperly referenced his right to review the evidence against him and violated his rights to due process and effective assistance of counsel.

The prosecutor referenced Petitioner's ability to review the evidence for two years in order to come up with a story to avoid conviction. The relevant portions of the trial transcript are listed above in the Ground 4(1) section. Petitioner has cited no law supporting his argument that a prosecutor may not comment, due to attorney-client privilege, on a petitioner's right to review evidence. Even so, the Court finds that these comments were isolated and did not so infect the trial with unfairness as to make the resulting conviction a denial of due process. The SCAWV's application of law and determination of facts were reasonable.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**
**[ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98],**
**GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND**
**DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

Therefore, this claim is without merit.

### Ground 4(4)

Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated when the prosecutor, during closing arguments, repeatedly accused Petitioner of lying under oath (i.e. committing perjury).

Rule 611(b) of the Federal Rules of Evidence states that a party witness may be cross-examined on "matters affecting the witness's credibility." Further, "[i]t is a well-settled rule that a defendant who voluntarily offers himself as a witness and testifies in his own behalf subjects himself to legitimate and pertinent cross-examination to test his veracity and credibility." United States v. Ling, 581 F.2d 1118, 1120 (4th Cir. 1978).

When Petitioner chose to testify at trial, he brought his credibility into issue. The jury was also instructed that the comments and arguments of counsel are not evidence and that the jurors were to decide the case based solely on the evidence. ECF No. 52-28 at 180-81; ECF 52-32 at 24. The prosecutor may comment during closing argument on Petitioner's credibility. Her remarks were based on the evidence presented.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98],
GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND
DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

Petitioner has not demonstrated that the prosecutor's comments were so fundamentally unfair as to deny him due process. He has not articulated any unreasonable application of federal law during the state proceedings, and he has not shown that the court's adjudication resulted in a decision based on an unreasonable determination of the facts. Therefore, Petitioner has not established that he is entitled to relief on this claim.

### Ground 5

Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated when the State introduced evidence of a violent fictional novel previously authored by Petitioner. Petitioner argues that this evidence "had no legitimate bearing on any issue at trial" and was so unduly prejudicial that it rendered the trial unfair.

Here, before trial, the parties stipulated that the State would not use Petitioner's novel in its case-in-chief but that the State could refer to the novel in any rebuttal it might present. ECF No. 52-15 at 12-13. During cross examination of Petitioner, the prosecutor questioned him regarding his novel. Defense counsel objected, and in a side bar, the prosecutor explained:

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98],
GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND
DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

**MS. GAMES-NEELY:** This book is a compilation of quite frankly it is the story of a drug war that is going on with an individual named Yahoo who is trying to get out of the drug trade.

**THE COURT:** Tell me what you want to use it for.

**MS. GAMES-NEELY:** What I'm using it for in this instance, Your Honor, is it talks about in a particular area involving Mafia portion of the drug war that there was a fire which an individual was killed, burned, so there was no criminal evidence remaining. It talks about knives being used to slice individuals' throats, and it also discusses in this incident that the primary character in this instance had — an individual who was kind of a mystery person that was going around who executed this family specifically his wife and the daughter in this instance. The young daughter does survive for a period of time but the wife was executed as well.

**THE COURT:** Well, I think the biggest relevance is here we're going to credibility. Once you put your client on the stand it goes to credibility. The State's theory is this is all made up, his whole story is made up. If they can show he's previously written a book that involves drugs and somebody being killed and things like that I think they're entitled to explore into that. It's not fair to say we had to put our client on the stand and say this and not to say the State is entitled to say

27

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98],
GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND
DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

> wait a minute, he has written about this stuff
> before, just pigeon holed into it.
>
> **MR. PREZIOSO**: I would respectfully say are we
> impeaching him with fiction?
>
> **THE COURT**: Not at all. We're not saying — we're
> not impeaching what he's saying how is somehow
> different than what was said before which is
> impeachment. What we're saying is — what
> you're telling us now isn't that consistent
> with what you said before in some way so it's
> not impeachment whatsoever.

ECF No. 52-31 at 19–21. The trial judge added the following, while

the parties were still having a side bar:

> Let me say this. You all got in his statements
> — I allowed you to get his statement in to 911
> which is a perfect act of fiction because it
> says Joseph Medina is going to kill a family
> tonight and nobody was killed that night. So
> it's a prior so you have to let that in . . . I
> think that it's very probative and on the
> matter and the jury should be allowed to hear
> it because they are the ones that have to go
> back there and judge credibility of the
> witnesses on the testimony.

Id. at 24–25. The prosecutor then questioned Petitioner on facts

of the story that were similar to the facts in his case.

Specifically, the prosecutor questioned him about the idea that a

fire could destroy evidence of crimes, that violence was inherent

28

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

in drug culture, and that "[p]eople get their throats slit." Id. at 26–30.

In analyzing this line of questioning, the SCAWV found that the prosecutor "characterized the petitioner as a writer of crime fiction who had two years to parse every piece of the State's evidence in his case and to fabricate a story consistent with the State's evidence." ECF No. 52-15 at 13. Therefore, the SCAWV found that the admission of this evidence was proper on cross-examination under Rule 611(b)(1) of the State Virginia Rules of Evidence and State v. Bradshaw, 457 S.E.2d 456 (W. Va. 1995). The court also found that the State's use of the novel to attack Petitioner's credibility outweighed the unfair prejudice from doing so. Finally, the SCAWV determined that the line of questioning was not improper under Rule 404 and 608(b) of the West Virginia Rules of Evidence.

As discussed above, Petitioner put his credibility in issue when he chose to testify at his trial. The State used the novel to attack Petitioner's credibility. As such, Petitioner has not established that the trial court denied him a fundamentally fair trial by allowing this line of questioning. He has not demonstrated

that the trial court's or SCAWV's rulings were either erroneous or "so extreme as to result in a denial of a constitutionally fair proceeding." The SCAWV's factual determinations and application of the law as to Ground 5 are reasonable, and Petitioner is not entitled to relief.

### Ground 7

Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated when the prosecutor made improper remarks in front of the jury.

### Ground 7(1)

Specifically, Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated when the prosecutor attacked, in front of the jury, Petitioner's constitutional rights to silence, to counsel, and to evidence. This is the same argument proffered by Petitioner in Ground 4, and the Court finds it is without merit for the same reasons as listed above.

### Ground 7(2)

In Ground 7(2), Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution

were violated when the prosecutor used her position and status to undermine Petitioner's credibility and testimony and to bolster the testimony of the State's witness. Petitioner does not cite any specific instances in the record.

As discussed in Ground 4(4), Petitioner put his credibility in issue when he chose to testify and subject himself to cross-examination. The prosecutor is constitutionally permitted to make comments about a witness's credibility. Petitioner has not shown that the SCAWV's decision was unreasonable as to its application of federal law or determination of facts, and, therefore, he is not entitled to relief. This ground is without merit for the same reasons discussed in Ground 4(4).

### Ground 7(3)

In Ground 7(3), Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated when the prosecutor knowingly elicited and utilized false testimony to secure a conviction. This is the same argument proffered by Petitioner in Ground 3, and the Court finds it is without merit for the same reasons as listed above.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98],
GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND
DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

### Ground 7(4)

In Ground 7(4), Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated when the prosecutor used portions of Petitioner's fictional novel as evidence, unduly prejudicing Petitioner. This is the same argument proffered by Petitioner in Ground 5, and the Court finds it is without merit for the same reasons as listed above.

### Ground 7(5)

In Ground 7(5), Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated when the prosecutor misused portions of Petitioner's fictional novel as evidence, unduly prejudicing Petitioner. This is the same argument proffered by Petitioner in Ground 5, and the Court finds it is without merit for the same reasons as listed above.

### Ground 7(6)

In Ground 7(6), Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated when the prosecutor misquoted witnesses' testimony,

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

including Petitioner's testimony, in order to prejudice him.

The petition does not mention specific examples. Petitioner's Response, however, provides some clarification. He cites the following portions of trial, during which he claims that the prosecutor misquoted witnesses' testimony in order to prejudice him:

- The prosecutor's statement that witness Katie Draughton testified that Petitioner told her he had been robbed in the woods in Summer Hill;

- The prosecutor's statement that Chareese Davis had testified that Petitioner asked her for $300;

- The prosecutor's statement that Angela's children's father, Andre White, was in Hagerstown, Maryland, on the night of the crime, which gave Andre White an alibi; and

- The prosecutor's "chopp[ing] up and deliberately alter[ing]" portions of Petitioner's testimony to make the jury believe he had given inconsistent statements.

ECF No. 90 at 23-26.

The SCAWV found that "[a]ny improper comments were isolated, were not deliberately placed before the jury to divert its attention to extraneous matters, and did not have a tendency to

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98],
GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND
DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

mislead the jury or prejudice the petitioner." ECF No. 52-15 at 30. This Court agrees. Petitioner has not shown that the SCAWV's decision is an unreasonable application of federal law or an unreasonable determination of fact with regard to any of these prosecutorial statements, and, therefore, he is not entitled to relief.

### Ground 7(7)

In Ground 7(7), Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated when the prosecutor argued facts not in evidence. The petition does not cite any facts in support. A review of Petitioner's Response indicates that he was concerned about the following comments by the prosecutor:

- That paramedics saw no soot on Daronte's shirt;

- That both Angela's and Andre's throats had been cut; and

- That "[n]one of the neighbors hear this mystery car."

ECF No. 90 at 26-27.

The SCAWV found that these comments did not arise to

34

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98],
GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND
DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

prosecutorial misconduct and that "[a]ny improper comments were isolated, were not deliberately placed before the jury to divert its attention to extraneous matters, and did not have a tendency to mislead the jury or prejudice the petitioner." ECF No. 52-15 at 30. As Judge Aloi noted, "it is apparent that these three statements were not misstatements, or at worst, were unintentional, minor misstatements, that were not material to the prosecution, or were not prejudicial to Petitioner." ECF No. 96 at 47. This Court agrees. Petitioner has not shown that the SCAWV's decision was an unreasonable application of law or an unreasonable determination of fact, and he is not entitled to relief.

### Ground 7(8)

In Ground 7(8), Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated when the prosecutor inundated the jury with improper remarks during closing arguments. This is the same argument proffered by Petitioner in Grounds 4 and 5, and the Court finds it is without merit for the same reasons as listed above.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

### Ground 7(9)

In Ground 7(9), Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated when the prosecutor engaged in other gross misconduct that unduly prejudiced Petitioner. This is the same argument proffered by Petitioner in Grounds 4 and 5, and the Court finds it is without merit for the same reasons as listed above.

**B.    JUDICIAL MISCONDUCT**

"Due process secures a criminal defendant's right to an impartial trial judge." Smith v. Mirandy, No: 2:14-cv-18928, 2016 WL 1274592, at *25 (S.D.W. Va. Mar. 31, 2016) (citations omitted). In order for a trial to constitute a denial of due process based on judicial behavior, "a [petitioner] must show a level of bias that made 'fair judgment impossible.'" Rowsey v. Lee, 327 F.3d 335, 341 (4th Cir. 2003). If a trial judge's behavior "reaches such a level of prejudice" that a defendant is denied a fair trial, a new trial is required. United States v. Parodi, 703 F.2d 768, 776 (4th Cir. 1983) (citation omitted).    Here, Petitioner has not met his burden in alleging that judicial misconduct occurred during his trial. AS discussed below, the Court finds that his

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98],
GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND
DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

judicial misconduct claims must be dismissed.

### Ground 6

In Ground 6, Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated when the trial court refused to give the jury an instruction proffered by Petitioner that described Petitioner's theory of the case.

Generally, jury instructions are matters of state law and procedure and do not invoke federal constitutional guarantees. See McGuire, 502 U.S. at 71-72. However, when circumstances impede the fundamental fairness of the trial and impinge on constitutional protections, a federal habeas court may review them. See Marshall v. Lonberger, 459 U.S. 422 (1983).

Petitioner's requested instruction was based upon Syllabus Point 2 of State v. Dobbs, 259 S.E.2d 829 (1979), which provides that "[c]ircumstantial evidence will not support a guilty verdict, unless the fact of guilt is proved to the exclusion of every reasonable hypothesis of innocence; and circumstances which create only a suspicion of guilt but do not prove the actual commission of the crime charged, are not sufficient to sustain a conviction."

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98],
GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND
DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

This was overruled in <u>State v. Guthrie</u> when the SCAWV wrote that
"there is no qualitative difference between direct and
circumstantial evidence." 461 S.E.2d 163, 175 (W. Va. 1995). The
court further stated that there is "only one standard of proof in
criminal cases and that is proof beyond a reasonable doubt." <u>Id.</u>
Importantly, "an additional instruction on circumstantial evidence
is no longer required even if the State relies wholly on
circumstantial evidence." <u>Id.</u>

    A review of the trial transcript provides the following:

> **THE COURT**: Morning. Let's go on and I
> understand there's some objections to
> instructions.

> **MR. PREZIOSO**: Well, Judge, if I could. I read
> through here. I didn't even find a
> typographical error in any of these
> instructions. I think they are, in complete
> candor to the Court, correct, and the way you
> said it malice, I don't have any problem or
> objection with that because there's different
> malice for the murder and then the arson.

> I went out and spoke to Mr. Prophet. He
> reviewed the instructions. He sought to have
> his own instruction added that I submitted to
> Court and Counsel. Again, the law is what I
> typed up. To give you an understanding is from
> *State versus Dodds* which is a case that is

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

overruled. I don't know if it's necessary to offer this. I think it's contemplated in the reasonable doubt instruction; however, Mr. Prophet wanted to make a record of that and wanted to offer it into the record.

**THE COURT**: I don't think it's a correct statement of the law. I don't think that it's required that all reasonable opportunity by others to have committed the crime is the standard. The State doesn't have the burden and the evidence doesn't that all reasonable opportunity by others to have committed it need be proved. It may be why it was overruled. I understand it went further on to direct versus circumstantial, but that statement as it's taken in isolation like that is number one, impractical because there's not a requirement of proof beyond all reasonable doubt.

**MR. PREZIOSO**: I explained it to him the way that they're still required, of course, to prove guilt beyond a reasonable doubt. I explained that to him. Just note our objection to it.

ECF No. 52-32 at 4-5.

The SCAWV found "that the circuit court's refusal to give the instruction from <u>Dobbs</u> is not in error because this language is no longer a correct statement of the law." ECF No. 52-15 at 25. This Court agrees. The trial court did not deny Petitioner a fair trial

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98],
GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND
DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

by refusing to give the requested jury instruction. Petitioner has failed to show that the state court's decision was based in either an unreasonable factual determination or an unreasonable application of federal law, so he is not entitled to relief on this ground.

### Ground 8

Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated when the trial court engaged in bias and misconduct and made prejudicial remarks before the jury.

The Fourth Circuit has written that "'[a] judge's ordinary efforts at courtroom administration — even a stern and short-tempered judge's ordinary efforts at courtroom administration — remain immune' and do not establish bias or partiality." <u>United States v. Castner</u>, 50 F.3d 1267, 1274 (4th Cir. 1995) (quoting <u>Liteky v. United States</u>, 510 U.S. 540, 556 (1994)). Further, "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. . . . [T]hey *will* do so if they reveal such a high

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

degree of favoritism or antagonism as to make fair judgment impossible." Liteky, 510 U.S. at 555. A trial judge, though, must conduct himself or herself in a way that "never reaches the point at which it appears clear to the jury that the court believes the accused is guilty." United States v. Ecklin, 528 F. App'x 357, 362 (4th Cir. 2013).

### Ground 8(1)

Specifically, in Ground 8(1), Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated when the trial judge, prior to trial, made an "extremely prejudicial and biased remark" in open court regarding Petitioner's guilt and culpability. The statement Petitioner references was made during a pretrial hearing. ECF No. 52-14 at 72-73. During a pretrial hearing, the trial judge, according to Petitioner, said that Petitioner's defense "doesn't hold water." Id. at 73. This statement was outside of the purview of a jury. It was reasonable, therefore, for the state court to find that the remark had no bearing on Petitioner's conviction. It did not deprive him of a fair trial, and he is not entitled to relief.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98],
GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND
DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

### Ground 8(2)

In Ground 8(2), Petitioner alleges that his rights under the
5th, 6th, and 14th Amendments to the United States Constitution
were violated when the trial judge, prior to trial, manipulated
the State's witness to strengthen the State's case. Petitioner
seems to be referencing events somewhat explained in his Amended
Petition. Id. at 73-74. Petitioner alleges that two months before
Petitioner's trial, in another unrelated criminal matter, the
trial judge rejected a plea deal for Medina in an unrelated case,
in which Medina had agreed to testify adversely against Petitioner
in this case. Petitioner writes, "At that time, it has been
reported that Judge Wilkes intimated that he would not accept that
negotiated plea deal for Medina because he felt that Medina had
more information than he was letting on to regarding the Petitioner
and the case against him." Id. at 74. Petitioner alleges that the
trial judge "utilized his judicial power and position to
effectively manipulate or otherwise coerce Medina into
artificially strengthening the State's case against" him. Id.

The SCAWV found that the claims of judicial misconduct, to
the extent that they are not a rehashing of assignments of error

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98],
GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND
DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

previously presented, are "frivolous assertions of bias" that are "deem[ed] wholly unnecessary to address." ECF No. 52-15 at 30. The Court finds that these allegations are at best speculative and vague ("it has been reported . . ."), and the state court's application of law and determination of facts as to this claim were reasonable. Petitioner is not entitled to relief.

### Ground 8(3)

In Ground 8(3), Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated when the trial judge refused to strike two biased jurors for cause. This claim is a reiteration of the claim in Ground 2, which has been previously found to be procedurally barred. Therefore, the Court will not address Ground 8(3).

### Ground 8(4)

In Ground 8(4), Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated when the trial judge allowed the prosecutor to present unduly prejudicial evidence in the form of Petitioner's novel. This is the same argument proffered by Petitioner in Ground 5, and the Court finds it is without merit for the same reasons as

43

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98],
GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND
DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

listed above.

### Ground 8(5)

In Ground 8(5), Petitioner alleges that his rights under the
5th, 6th, and 14th Amendments to the United States Constitution
were violated when the trial judge allowed the prosecutor to attack
Petitioner's post-Miranda silence. This is the same argument
proffered by Petitioner in Ground 4, and the Court finds it is
without merit for the same reasons as listed above.

### Ground 8(6)

In Ground 8(6), Petitioner alleges that his rights under the
5th, 6th, and 14th Amendments to the United States Constitution
were violated when, during cross examination, the trial judge
accused Petitioner of being argumentative, inconsistent, and
evasive in his answers. There are no factual allegations in the
Petition as to this claim, but Petitioner's Response clarifies. He
is referencing the following exchange:

> **Q**: But the floor underneath of you at that
> point was not on fire; is that right?
>
> **A**: What? Did I run through fire is what you're
> asking?
>
> **THE COURT**: No. She asked you the floor
> underneath was not on fire. Answer the

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

question.

**WITNESS:** The floor underneath. I don't —

**THE COURT:** Well, previously you testified to the fact that you didn't look around and you didn't know so you have to be specific in your answers to her questions.

**WITNESS:** She has to be —

**THE COURT:** Don't be argumentative.

**WITNESS:** I'm not being argumentative. I'm just trying to understand her question.

**THE COURT:** Let's get something straight here. You're not going to tell me what you're doing or not. I'm going to. Answer her question specifically.

ECF No. 52-31 at 112–13.

The SCAWV found that these claims, to the extent that they are not a rehashing of assignments of error previously presented, are "frivolous assertions of bias" that are "deem[ed] wholly unnecessary to address." ECF No. 52-15 at 30. The Court agrees with Judge Aloi's findings on this point: the trial judge's statements to Petitioner during trial were "ordinary efforts at courtroom administration" taking place when Petitioner was failing to answer the question asked. See Castner, 50 F.3d at 1274 (quoting Liteky, 510 U.S. at 556)). The newly-impaneled jury was

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

specifically instructed by the trial judge as follows:

> Anything I do shouldn't be considered by you as to how I think you should decide any of the facts. That's totally your 50 percent. My 50 percent is instructing you as to what the law is and ruling on the admissibility of the evidence at other trial procedure matters.

ECF No. 52-28 at 181. The trial judge's conduct did not render the trial unfair, and the state courts' application of the law and determination of facts were reasonable. This claim, therefore, is without merit.

### Ground 8(7)

In Ground 8(7), Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated when the trial judge did not intervene to limit the prosecutor's improprieties during closing arguments. As discussed above, Petitioner's claims of prosecutorial misconduct are without merit and are dismissed, so the Court will not find that the trial judge was duty-bound to intervene during closing arguments. Therefore, this sub-ground is without merit.

### Ground 8(8)

In Ground 8(8), Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

were violated when the trial judge attempted to guide and advise the prosecutor throughout the case. In the petition, Petitioner cites no facts supporting this conclusory statement. He provides some guidance in his Response, citing a transcript from a motion hearing held on July 9, 2019:

> **THE COURT**: That — now, this [911 call] came from the Defendant's phone and the State doesn't want that in to say — I'm just saying my gosh, here is what I would do with it. I would say — well, I don't try the cases.

> **MS. GAMES-NEELY**: Yes, your honor. And I know exactly what I'm going to do with it if the Court allows it in.

> . . .

> **THE COURT**: So what you want — in looking at this I called the police three days in advance to say Joseph Medina is going to commit this crime but I'm not going to tell you he's going to do it to me and that I'm worried about it?

> **MS. GAMES-NEELY**: That's correct.

> **THE COURT**: Wow.

> . . .

> **THE COURT**: If [the defense does somehow get this evidence before the jury], all I can see is looking at the jury and saying, ladies and gentlemen of the jury, here we are on a first-degree murder charge and we have evidence that the Defendant used his phone to call three

PROPHET V. BALLARD                                    1:16-CV-178

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98],
GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND
DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

> days before the crime to say it was going to
> happen and somebody else was going to do it.
> Certainly if the jury tends to believe that
> that takes care of premeditation.
>
> **MS. GAMES-NEELY:** Right.
>
> . . .
>
> **THE COURT:** I can definitely see the Defense
> wanting to keep [this evidence] out. Boy.
>
> . . .
>
> **THE COURT:** If it's in evidence [the
> prosecutor] can say — personally — well, I
> think it would be great to say did you call
> 911 to say you were going to commit this crime.
>
> **MS. GAMES-NEELY:** Exactly.
>
> **THE COURT:** We all as lawyers have taken that
> step off the bridge of faith and sometimes
> tumbled, but Mr. Prezioso and Mr. Manford
> rarely stumble if — tumble by opening the door
> that way. If the — wow.

ECF No. 52-27 at 9–16. Petitioner also cites another exchange

during the trial:

> **MR. MANFORD:** Second Objection would be subject
> to the rules of Evidence how this — how would
> this [novel] be relevant.
>
> **THE COURT:** I don't know. I've not read the
> book.
>
> **MR. PREZIOSO:** Exactly.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

> **THE COURT**: But I'm assuming the prosecutor has and they can give me a proffer as to what it is. I would anticipate she's going to say it somehow mirrored something he testified to.

ECF No. 52-31 at 18–19. Petitioner contends that the trial judge, during this exchange, "essentially nudged the prosecutor into misrepresenting this evidence during the course of trial." ECF No. 90 at 42.

As to the first exchange, as Judge Aloi noted, it took place during a discussion of evidentiary issues during a motions hearing, not during trial. The court was expressing its surprise that the State did not want the evidence of the 911 call submitted, was discussing the pros and cons of the evidence for each side, and, as Judge Aloi noted, "was not colluding in some fashion with the state" in any way. ECF No. 96 at 57. As to the second exchange, this Court has already discussed the admissibility of the novel and will not reiterate its reasoning here. For those reasons, the Court finds that the state courts' determinations on these evidentiary issues were not unreasonable as to factual determinations or application of the law, and Petitioner is not entitled to relief on this claim.

49

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98],
GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND
DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

### Ground 8(9)

In Ground 8(9), Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated when the trial judge engaged in other subtle conduct to the detriment of Petitioner. Petitioner fails to identify facts supporting this allegation. Such conclusive statements are not sufficient to overcome summary judgment. Therefore, this claim is without merit.

### C.    INSUFFICIENCY OF THE EVIDENCE

When reviewing a claim of insufficiency of evidence, the district court must view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).

### Ground 9

Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated when he was convicted by evidence insufficient to establish his guilt beyond a reasonable doubt for every element of the charged crime. He argues that there was no evidence of premeditation and

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

deliberation that could establish beyond a reasonable doubt that he committed first degree murder.

Under West Virginia law, "[a]lthough premeditation and deliberation are not measured by any particular period of time, there must be some period between the formation of the intent to kill and the actual killing, which indicates the killing is by prior calculation and design." Guthrie, 461 S.E.2d at 181. "As a practical matter, premeditation generally can be proved only by circumstantial evidence" and "must ordinarily be inferred from the objective facts." State v. Larock, 470 S.E.2d 613, 624 (W. Va. 1996).

Here, after viewing the evidence in the light most favorable to the prosecution, the Court finds that a rational trier of fact could have found beyond a reasonable doubt that premeditation and deliberation existed. First, Elizabeth Devonshire testified that at 3:00 a.m. on June 6, 2010, she observed that the Angela's curtains were tightly closed. ECF No. 52-29 at 75. A reasonable jury could infer that Petitioner closed the curtains so no one would see him commit murder, which could indicate premeditation and deliberation. Further, Petitioner testified that on June 3,

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98],
GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND
DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

2010, he anonymously reported to the police a threat made by Medina against the victims. ECF No. 52-30 at 246-57. A reasonable jury could find that he did this to frame Medina for crimes Petitioner was planning to commit, which could indicate premeditation and deliberation. As to Andre's death, a reasonable jury could find that Petitioner killed Andre with premeditation and deliberation, while sparing the infant, because a three-year-old would be able to identify Petitioner to police. The SCAWV cited a number of these arguments in finding that the evidence was sufficient to support the jury's finding that Petitioner committed premeditated and deliberated murder. Therefore, the Court finds that the SCAWV's application of law and determination of facts were reasonable, there was sufficient evidence to support Petitioner's convictions, and Petitioner is not entitled to relief on this claim.

**D.   INEFFECTIVE ASSISTANCE OF COUNSEL**

In examining a claim of ineffective assistance of counsel, the court conducts a two-part analysis. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98],
GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND
DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

Amendment." _Strickland v. Washington_, 466 U.S. 668, 687 (1984). "'Deficient performance' is not merely below-average performance; rather, the attorney's actions must fall below the wide range of professionally competent performance." _Griffin v. Warden_, 970 F.2d 1355, 1357 (4th Cir. 1992).

Second, the defendant must show that the deficient performance prejudiced the defendant. _Strickland_, 466 U.S. at 687. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." _Id._ Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." _Id._ at 694. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" _Id._ at 689.

In a § 2254 proceeding, this Court does not examine whether the _Strickland_ standard is met. It examines whether the state court's application of _Strickland_ was unreasonable. Importantly,

an unreasonable application is different from a from an incorrect application. Harrington v. Richter, 562 U.S. 86, 101 (2011).

### Ground 10

Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated by the ineffective assistance of his state-appointed trial counsel.

### Ground 10(1)

Specifically, Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated by ineffective assistance of his state-appointed trial counsel when his counsel failed to thoroughly and independently investigate the crime at issue.

The petition does not specify how counsel allegedly failed to thoroughly and independently investigate the crime. Petitioner's Response, however, identifies three alleged deficiencies in his counsel's performance: (1) failure to search the woods for "blood evidence" to corroborate Petitioner's claim that he had fled from the two murderers and had hidden there; (2) failure to immediately locate and interview Medina; and (3) failure to timely investigate Petitioner's claim that he had made calls to 911 and other law

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

enforcement agencies several days before the crimes occurred. ECF No. 52-16 at 144-45.

After Petitioner briefed this at the trial court level, the trial court judge found that Petitioner's first claim failed to show

> that his blood was [actually] in the woods, where the blood was in the woods, that he notified counsel to investigate where to search for blood, that counsel refused to search for blood, or that finding his blood in the woods somehow would have affected the outcome of the trial.

ECF No. 52-21 at 10. Further, counsel was not appointed for at least two weeks after the crimes were committed, so the probability of finding blood spatter was very unlikely. Id.

Next, the trial judge noted that Petitioner's counsel vigorously cross-examined Medina at trial and that Petitioner did not show that contacting Medina immediately would have resulted in a different outcome at trial. Last, the trial judge wrote that Petitioner did not establish that he was prejudiced when his counsel failed to investigate Petitioner's anonymous calls to 911 days before the crimes were committed. Counsel did in fact investigate it and used the calls as evidence at trial.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98],
GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND
DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

This Court agrees with the trial court's reasoning and the SCAWV's dismissal. Petitioner's counsel's alleged failure to investigate these issues did not to the level of ineffective assistance. Petitioner has not established that but for these alleged errors, the result of his trial would have been different. Accordingly, the state court's ruling was not an unreasonable determination of facts or an unreasonable application of federal law, and Petitioner is not entitled to relief.

### Grounds 10(2) and 10(3)

Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated by ineffective assistance of his state-appointed trial counsel when counsel failed to file a pretrial motion to suppress the introduction of Petitioner's violent fictional novel and failed to request a limiting instruction informing the jury that Petitioner's fictional novel was for impeachment only and not to be considered as evidence of a material or substantive fact.

As to the motion to suppress, Petitioner's counsel at trial attempted to minimize the use of the novel. Both parties stipulated that the novel could not be used in the prosecution's opening or

case-in-chief but that the novel could be used to rebut evidence. At trial, the prosecutor cross-examined Petitioner, using the novel to attack his credibility. Counsel objected, but the trial court determined that the stipulation did not prevent the prosecution from using the novel during cross-examination and that it was relevant to Petitioner's credibility. ECF No. 52-15 at 13. The trial court, in its habeas decision, even wrote that "[i]t is clear that trial counsel tried to preclude the use of the book at trial, and that had trial counsel done so with a written motion *in limine*, the trial court's ruling would not have been different." ECF No. 52-21 at 11.

Petitioner has not established that but for these alleged errors, the result of the trial would have been different. The state courts' application of law and determination of the facts were reasonable, and Petitioner is not entitled to relief on this claim. As to the limiting instruction, again, Petitioner has failed to show that but for the alleged failure, the outcome of the trial would have been different. The state courts' application of the law and determination of facts were reasonable, and Petitioner is not entitled to relief.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

### Grounds 10(4) – 10(12)

Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated by ineffective assistance of his state-appointed trial counsel when his counsel failed to object to and move for a mistrial based on the prosecutor's improper and unconstitutional questions about Petitioner's post-Miranda silence.

These issues were addressed in Grounds 4 and 5 above. The Court has determined that Petitioner's claims of prosecutorial misconduct and judicial misconduct are without merit and are dismissed. Trial counsel did object to the State's questioning of his pre-arrest silence, preserving the issue for appeal. ECF No. 52-21 at 12. The SCAWV found that the line of questioning was not error. Therefore, by not moving for a mistrial and — at times — not objecting (though, notably, counsel did object), Petitioner's counsel's performance was not deficient. The SCAWV's application of law and determination of facts were reasonable, and Petitioner is not entitled to relief.

MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98],
GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND
DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]

### Ground 10(13)

Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated by ineffective assistance of his state-appointed trial counsel when his counsel failed to object to and move for a mistrial based on the prosecutor's other improper and unconstitutional remarks made during closing arguments. As the Court explained above, there was no prosecutorial misconduct regarding these remarks (Ground 4) and there was no judicial misconduct in not preventing them (Ground 8(5)). Therefore, there is no proper claim of ineffective assistance of counsel for failing to either object or move for a mistrial. This claim has no merit, and Petitioner is not entitled to relief.

### Ground 10(15)

Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated by ineffective assistance of his state-appointed trial counsel when his counsel failed to object to and move for a mistrial for the trial court's "many instances of blatant bias and misconduct." This Court has already addressed Petitioner's claims of judicial

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

misconduct. The trial court did not engage in misconduct. Therefore, this claim has no merit, and Petitioner is not entitled to relief.

### Ground 10(16)

Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated by ineffective assistance of his state-appointed trial counsel when his counsel failed to object "to a myriad of prejudicial circumstances throughout the entirety of the trial." The petition does not specify which prejudicial circumstances he is referencing. The other pleadings prove to be insufficient explanations as well. Conclusory allegations are not enough to overcome summary judgment. The Court finds the state courts' application of law and determination of facts were reasonable, and Petitioner is not entitled to relief on this claim.

### E.     INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

### Ground 12

Petitioner "is afforded the right to effective assistance of counsel as to his first appeal as of right." Grimes v. Pszczolkowski, No. 1:14CV13, 2015 WL 144619, at *7 (N.D.W. Va.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

Jan. 12 2015) (citing Evitts v. Lucey, 469 U.S. 387, 396–97 (4th Cir. 2000)). "The standard for reviewing a claim of ineffective assistance of appellate counsel is the same as when reviewing the effectiveness of trial counsel." Lucas v. McBride, 505 F. Supp. 2d 329, 350 (N.D.W. Va. 2007). The Supreme Court has found the found that a defendant

> must first show that his counsel was objectively unreasonable, in failing to find arguable issues to appeal — that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them. If [the defendant] succeeds in such a showing, he then has the burden of demonstrating prejudice. That is, he must show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal.

Smith v. Robbins, 528 U.S. 259, 285 (2000) (internal citations omitted). The Supreme Court has recognized the importance of appellate counsel selecting the most promising issues for review. Jones v. Barnes, 463 U.S. 745, 752 (1983). Counsel has wide latitude in deciding what issues to raise on appeal, and "it is difficult to demonstrate that counsel was incompetent." Smith, 528 U.S. at 288. As the Smith Court noted, "[g]enerally, only when ignored issues are clearly stronger than those presented, will the

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98],
GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND
DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

presumption of effective assistance of counsel be overcome." Id. (citing Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986)). A court "must accord appellate counsel the 'presumption that he decided which issues were most likely to afford relief on appeal.'" Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (quoting Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993)).

### Grounds 12(1) and 12(2)

Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated by ineffective assistance of his appellate counsel when his counsel failed to present certain grounds on appeal that were stronger than those presented and failed to present constitutional questions or cite to United States Supreme Court authority. Counsel on appeal challenged the sufficiency of the evidence, the use of Petitioner's novel, the alleged comments on the post-arrest silence, the refusal to give the jury instruction, the "false and perjured" testimony, and prosecutorial and judicial misconduct.

Petitioner has failed to demonstrate that the claims should have been raised on appeal or were more meritorious than the claims that were presented. It was reasonable for his appellate counsel

62

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98],
GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND
DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

to focus on the grounds it raised. Petitioner has not listed any claims that his appellate counsel could have or should have raised. The SCAWV's application of law and determination of facts were reasonable. Therefore, Grounds 12(1) and 12(2) are without merit, and Petitioner is not entitled to relief.

### Ground 12(3)

Petitioner alleges that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated by ineffective assistance of his appellate counsel when his counsel "failed to pinpoint with accurate, appropriate, and specific citations to the trial record the post-Miranda silence remarks of the prosecutor" described in Ground 4. As discussed above, the prosecutor's references to Petitioner's pre-arrest silence were not in error. They were challenged by defense counsel and addressed on direct appeal. Therefore, the SCAWV's application of law and determination of facts were reasonable, and Petitioner is not entitled to relief.

MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98],
GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND
DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]

## F.   DENIAL OF MEANINGFUL APPELLATE AND POST-CONVICTION REVIEW

### Ground 13

Petitioner alleges that his rights under the 5th, 6th, and
14th Amendments to the United States Constitution were violated
when the SCAWV failed to provide Petitioner meaningful appellate
and post-conviction collateral review. The Supreme Court of the
United States has held that a criminal defendant has a liberty
interest in its "substantial and legitimate expectation" of
certain procedural protections, and an "arbitrary deprivation" of
those protections may constitute a constitutional violation. Hicks
v. Oklahoma, 447 U.S. 343, 346 (1980). Contrary to Petitioner's
arguments, Petitioner has been afforded extensive review at every
level, and his constitutional rights have been upheld. The Court
agrees with Respondent's argument in his Memorandum of Law in
Support of his Motion for Summary Judgment:

> Petitioner was afforded trial counsel,
> appellate counsel, and habeas counsel. He was
> afforded a direct appeal, post-conviction
> proceedings, and a postconviction appeal. He
> was permitted to file a direct appeal brief,
> a *pro se* habeas petition, an amended petition,
> by counsel, and a brief challenging the
> circuit court's denial of habeas relief. Both
> the circuit court and the WVSCA issued
> opinions and orders discussing Petitioner's

64

> claims. Petitioner was permitted to file all
> of his claims before the state courts,
> culminating in this lengthy 2254 Petition.
> Petitioner cannot legally dispute that he was
> afforded the full panoply of constitutional
> rights provided to a convicted criminal
> defendant, simply because his claims were
> correctly found to be meritless.

ECF No. 82 at 21. Petitioner contends in his Response that "the
State courts refused to abide by their own Constitution and fully
*consider* and *decide* all of the Petitioner's claims." ECF No. 90 at
50. The Circuit Court of Berkeley County, West Virginia, and the
Supreme Court of Appeals of West Virginia both addressed all of
Petitioner's claims and explained their reasoning, and, now, this
Court has as well. Ground 13 is without merit, and Petitioner is
not entitled to relief.

**G.    CUMULATIVE ERROR**

    **Ground 11**

    Petitioner alleges that his rights under the 5th, 6th, and
14th Amendments to the United States Constitution were violated by
the cumulative effect of multiple trial errors. "The cumulative
effect of two or more individually harmless errors has the
potential to prejudice a defendant to the same extent as a single
reversible error," and "[t]he purpose of a cumulative-error

analysis is to address that possibility." United States v. Rivera, 900 F.2d 1462, 1469 (10th Cir. 1990). A "legitimate cumulative-error analysis evaluates only the effect of matters actually determined to be constitutional error, not the cumulative effect of all of counsel's actions deemed deficient." Fisher v. Angelone, 163 F.3d 835, 852 n.9 (4th Cir. 1998).

Here, as discussed above, the Court has found no individual constitutional errors with respect to any of Petitioner's claims. Therefore, a cumulative-error analysis is not appropriate. See id. at 852 (writing that "[h]aving just determined that none of counsel's actions could be considered constitutional error . . . it would be odd, to say the least, to conclude that those same actions, when considered collectively deprived [the defendant] of a fair trial").

Petitioner also contends that the prosecutor erred in failing to provide notice of its intent to use 404(b) evidence, that the trial court failed to change the venue of the trial due to massive publicity, and that the state witness informed the jury that Petitioner was staying at the local regional jail. With regard to the 404(b) claim, Petitioner has provided no facts indicating why

66

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 96], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 98], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 81], AND DENYING AND DISMISSING § 2254 PETITION [ECF NO. 13]**

he is entitled to relief, and although a <u>pro se</u> petitioner is entitled to liberal construction of his pleadings, he is still "expected to state facts that point to a real possibility of constitutional error" in a habeas petition. <u>See</u> <u>Samples v. Ballard</u>, 860 F.3d 266, 275 (4th Cir. 2017). Further, the claim regarding the changing of the trial venue has already been procedurally barred. As to Petitioner's claim regarding a witness's informing the jury that Petitioner was in jail, the petition provides no argument in support of this claim and fails to explain how it is cumulative error. <u>See</u> ECF No. 13-1 at 5. No facts have been provided to evidence that such comments prejudiced the jury. Accordingly, these conclusory allegations are either insufficiently pled or procedurally barred and do not overcome Respondent's Motion for Summary Judgment.

## IV.  <u>CONCLUSION</u>

Petitioner has failed to overcome the presumption that the state court was correct in its decision. <u>See</u> 28 U.S.C. § 2254(e)(1). For the reasons discussed above, the Court **ORDERS** the following:

- the R&R is **ADOPTED** [ECF No. 96] to the

extent not modified in this Memorandum Opinion and Order;

- Petitioner's Objections are **OVERRULED** [ECF No. 98];

- Respondent's Motion for Summary Judgment is **GRANTED** [ECF No. 81];

- Petitioner's Motion to Expedite Review is **DENIED AS MOOT** [ECF No. 93];

- Petitioner's § 2254 petition is **DENIED** [ECF No. 13]; and

- this action is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket.

It is so **ORDERED**.

The Court directs the Clerk to enter a separate judgment order and to transmit copies of it and this Order to the pro se petitioner via certified mail, return receipt requested.

DATED: August 19, 2019

_Tom S Kleeh_
_____
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE